David Schlesinger, AZ Bar No. 025224
schlesinger@nka.com
Tim C. Selander, MN Bar No. 0387016
(*pro hac vice* application forthcoming)
selander@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Facsimile (612) 215-6870

Matthew C. Helland, CA Bar No. 250451
(*pro hac vice* application forthcoming)
helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235
Facsimile (415) 277-7238

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Eckholdt, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>iMortgage.com, Inc.,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES** |

-1-

COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Plaintiff Helen Eckholdt ("Plaintiff"), on her own behalf and on behalf of all similarly situated individuals, by and through her attorneys Nichols Kaster, brings this action against Defendant iMortgage.com, Inc. ("iMortgage" or "Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

3. Defendant iMortgage's corporate headquarters is located in Scottsdale, Arizona.

4. According to its website, iMortgage is one of the fastest growing privately held retail mortgage companies in the Western United States. iMortgage is a direct lender for FNMA, FHA, HUD, and USDA loans throughout the United States. Is is also involved in state and local government loan programs.

5. According to its website, Defendant operates office locations in multiple states across the country, including Arizona, California, Colorado, Nevada, Oregon, Texas, and Washington.

6. At all relevevant times, Defendant has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Specifically, Defendant provides mortgage lending services to consumers in multiple states across the country. Upon information and belief,

1  Defendant's gross annual sales made or business done have been in excess of $500,000.00
2  at all relevant times.

3        7.    Plaintiff Helen Eckholdt is an adult resident of the State of Arizona.
4  Plaintiff was employed by Defendant as a mortgage underwriter from approximately
5  December 2011 to September 2012.

6        8.    During her employment with Defendant, Plaintiff worked at Defendant's
7  office in Scottsdale, Arizona.

8        9.    At all relevant times, Plaintiff was Defendant's employee within the
9  meaning of the FLSA, 29 U.S.C. § 203.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

11        10.    Plaintiff brings this action on behalf of herself and all other similarly
12  situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated
13  individuals worked as mortgage underwriters (or in other positions with similar job titles
14  or job duties) for Defendant. The proposed collective class for the FLSA claims is
15  defined as follows:

> All persons who worked as mortgage underwriters (or in other positions with similar job titles or job duties) for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

19        11.    Plaintiff has consented in writing to be a part of this action pursuant to 29
20  U.S.C. § 216(b). Plaintiff's signed consent form is attached as **Exhibit A**. As this case
21  proceeds, it is likely that other individuals will file consent forms and join as "opt-in"
22  plaintiffs.

23        12.    As mortgage underwriters, Plaintiff and those similarly situated are or were
24  employed by Defendant within the meaning of the FLSA.

25        13.    Defendant paid Plaintiff a salary and classified her as an exempt employee.

26        14.    Defendant improperly classified mortgage underwriters as exempt from the
27  FLSA's overtime pay requirements.

15. Plaintiff and those similarly situated routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the hours they worked over forty in a workweek.

16. Defendant is and was aware that Plaintiff and, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendant still denied them overtime compensation. For example, Plaintiff regularly worked at least five days a week, beginning early in the morning each day and ending into the evening.

17. Defendant uniformly misrepresented to Plaintiff and other mortgage underwriters that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and other mortgage underwriters are, and were, non-exempt employees who are, and were, entitled to overtime pay.

18. Defendant failed to make, keep, and preserve records of hours worked by Plaintiff and other mortgage underwriters.

19. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and all other mortgage underwriters.

20. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and all other mortgage underwriters. For example, federal courts have determined that underwriters with similar duties to Plaintiff and those similarly situated are non-exempt employees as a matter of law. Yet Defendant has continued to misclassify its mortgage underwriters as exempt from the overtime provisions of the FLSA.

21. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and all other mortgage underwriters.

22. Notice of this action should be sent to all similarly situated mortgage underwriters. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the

-4-
COLLECTIVE ACTION COMPLAINT FOR DAMAGES

case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSE OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the similarly situated mortgage underwriters)**

23. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

24. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

25. Plaintiff and those similarly situated are employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

26. Plaintiff and those similarly situated routinely work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

27. By failing to pay overtime compensation, Defendant violated the FLSA.

28. By failing to record, report, and/or preserve records of hours worked by Plaintiff and those similarly situated, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages. Plaintiff and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations as described above were willful;

E. Judgment that Defendant failed to maintain accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of the FLSA ;

F. An award in an amount equal to unpaid back wages due to Plaintiff and those similarly situated at the applicable overtime rate;

G. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

H. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

I. An award of prejudgment interest to the extent liquidated damages are not awarded;

J. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated:  March 4, 2014        NICHOLS KASTER, PLLP

*/s/* David S. Schlesigner
DAVID S. SCHLESIGNER
TIM C. SELANDER

NICHOLS KASTER, LLP
MATTHEW C. HELLAND

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE FLSA COLLECTIVE**

COLLECTIVE ACTION COMPLAINT FOR DAMAGES