David Schlesinger (AZ Bar 025224)
Schlesinger@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, M N 55402
Telephone (612) 256-3200
Facsimile (612) 215-6870

Matthew C. Helland (CA Bar 250451, admitted pro hac vice)
helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235
Facsimile (415) 277-7238

Attorneys for Plaintiffs

D. Lewis Clark Jr. (No. 025968)
Lew.clark@squirepb.com
Laura Lawless Robertson (No. 023951)
Laura.robertson@squirepb.com
Alison E. Jarbo (No. 028765)
Alison.jarbo@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
One East Washington Street, Suite 2700
Phoenix, Arizona  85004
+1 602 528 4000

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Eckholdt, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>imortgage.com, Inc.,<br><br>Defendant. | Case No. 2:14-cv-00426-DGC<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, AND FOR DISMISSAL OF THE LAWSUIT WITH PREJUDICE** |

Plaintiff Helen Eckholdt, opt-in plaintiff Jennie Ford, and opt-in plaintiff Monica Gordon ("Plaintiffs") and Defendant imortgage.com, Inc. ("imortgage.com") hereby

jointly move for approval of their fully-executed Settlement Agreement and Release of Claims, and for Dismissal of the Lawsuit With Prejudice. This Joint Motion is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

On March 4, 2014, Plaintiff Helen Eckholdt filed this putative Fair Labor Standards Act ("FLSA")[1] collective action. [*See* Doc. 1 (the "Lawsuit").] Eckholdt filed an Amended Complaint on March 18, 2014. [*See* Doc. 11.] Two additional opt-in plaintiffs also have filed consents to become parties-plaintiff. [See Doc. 12, 16.] No other opt-in plaintiffs have joined the Lawsuit since.

During the parties' Rule 26(f) discussions, Plaintiffs and imortgage.com entered into settlement negotiations. Plaintiffs and imortgage.com agreed to resolve the Lawsuit on the terms set forth in the attached Settlement Agreement. [Exhibit 1.] imortgage.com has agreed to issue a settlement payment in the amount of $49,000.00, to be distributed to the Plaintiff and opt-in plaintiffs and to their attorneys as payment of their purported damages and attorneys' fees and litigation costs. [*Id*.]

Plaintiffs and imortgage.com further agreed that the parties would take all steps necessary to effectuate a dismissal of the Lawsuit with prejudice. In furtherance of that agreement, Plaintiffs and imortgage.com hereby jointly move for approval of the Settlement Agreement, and for dismissal of the Lawsuit with prejudice.

### II.   LEGAL ANALYSIS

FLSA claims may be settled only with court approval or approval by the U.S. Department of Labor to ensure that the settlement is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *Lopez v. Arizona Public Serv. Co.*, No. CV 08-1843, PHX-JAT, 2010 WL 1403873, *1 (D. Ariz. Jan. 27, 2010) (in an FLSA action, "the parties must seek approval of their stipulated settlement in order to ensure the

---

[1] 29 U.S.C. §§ 201-219.

enforceability of the Settlement Agreement. The Court may approve the settlement if it reflects a reasonable compromise over issues.").

When evaluating settlement agreements for reasonableness, the court or DOL must consider whether liability is contested by the defendant; whether the settlement distribution is equitable; whether the plaintiffs' attorneys' fees will be paid, and in what amount; and whether there are indicators of fraud or collusion between the parties making the settlement fundamentally unfair. *See, e.g., Lopez*, 2010 WL 1403873 at *1 (approving a stipulated agreement because the defendant "strongly contested liability under the FLSA," the plaintiffs "faced difficulty establishing that each plaintiff worked more than 40 hours per week," and the distribution to each plaintiff "directly relate[d] to each plaintiff's length of employment with defendant and the amount of hours each plaintiff worked for [defendant]"); *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, *1 (D. Ariz. Nov. 13, 2007) (approving a proposed FLSA settlement because the distribution of settlement proceeds directly related to each plaintiff's length of employment with defendant, and the parties strongly contested liability).

The parties' Settlement Agreement satisfies the requirements set forth in *Lopez* and *Hand*. First, Plaintiffs' theory of liability is premised on their contention that they were improperly classified as exempt employees. imortgage.com maintains that its designation was appropriate.

Second, even if Plaintiffs could establish liability under the FLSA, the Parties strongly dispute the number of work weeks in which Plaintiffs purportedly worked more than forty hours, and the number of hours that they each did so.

Third, imortgage strongly disputes coverage under the FLSA more than two years prior to the Lawsuit's filing date, as a three-year statute of limitations applies only in cases where the plaintiff can establish a "willful" violation of the FLSA. *See* 29 U.S.C. § 255(a).

Fourth, imortgage.com disputes coverage after January 1, 2013, when it reclassified its mortgage underwriters as non-exempt. It further disputes coverage after it ceased to operate as a going concern on September 30, 2013.

- 3 -

692503/2/PHOENIX

Notwithstanding the genuine dispute over coverage and liability, imortgage.com has agreed to make a lump sum payment of $49,000.00 to counsel for Plaintiffs. From this amount, Plaintiffs' counsel will distribute $18,457.93 to Helen Eckholdt; $3,691.59 to Jennie Ford; and $9,228.97 to Monica Gordon. Plaintiffs' counsel will retain the remaining $17,621.52 as payment of Plaintiffs' attorneys' fees and costs incurred incident to the Lawsuit. *See, e.g., Baker v. D.A.R.A. II, Inc.*, No. CV 06-2887-PHX-LOA, 2008 WL 4368913, *2 (D. Ariz. Sept. 24, 2008) (noting that the FLSA requires that settlement agreements include an award of attorneys' fees to be paid by the defendant).

This amount is a reasonable settlement in light of the disputed issues of fact and law, and the payment of Plaintiffs' attorneys' fees and out-of-pocket expenses. The payments to each of the Plaintiffs were calculated using their own estimates of hours worked in the relevant time period and without using the fluctuating workweek method. *See Blotzer v. L-3 Commc'ns Corp.*, No. CV-11-274-TUC-JGZ, 2012 WL 6086931 (D. Ariz. Dec. 6, 2012). These payments provide a reasonably fair estimate of payments allegedly owed to Plaintiffs for their estimated hours worked, *after* attorneys' fees and costs.

As the parties have a genuine dispute as to liability and damages and as this settlement resolves those disputes early in the litigation, with payment of Plaintiffs' attorneys' fees and costs, the Settlement Agreement represents a fair resolution of the parties' dispute.

## III. CONCLUSION

As the Settlement Agreement represents a fair resolution of the parties' dispute, Plaintiffs and imortgage.com respectfully request that the Court approve the parties' Settlement Agreement, and grant this Joint Motion for Dismissal of the Lawsuit with Prejudice.

A proposed form of Order is submitted herewith.

- 4 -

| | | |
|---|---|---|
| 1 | Dated: June 4, 2014 | Nichols Kaster, LLP |
| 2 | | One Embarcadero Center, Suite 720 |
| | | San Francisco, CA 94111 |

By: */s/ D. Lewis Clark Jr. for*
 Matthew Helland (w/ permission)

Attorneys for Plaintiffs

Dated: June 4, 2014    Squire Patton Boggs (US) LLP
1 E. Washington St., Suite 2700
Phoenix, Arizona  85004

By: */s/ D. Lewis Clark Jr.*
 D. Lewis Clark Jr.

Attorneys for Defendant
imortgage.com, Inc.

- 5 -

692503/2/PHOENIX

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David Schlesinger
Schlesinger@nka.com
Tim C. Selander
selander@nka.com
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Matthew C. Helland
helland@nka.com
Nichols Kaster, LLP
One Embarcadero Center
Suite 720
San Francisco, CA 9411
*Attorneys for Plaintiff*

/s/ Helen D. Bell

692503/2/PHOENIX